Allen *v.* Parker.

Hannah H. Allen *versus* Joseph P. Parker.

Where there is no agreement in the mortgage, that the mortgagee shall not enter into possession of the premises before a breach of the condition, the mortgagee may maintain an action to recover the possession, without proof that the condition has been broken.

Deeds which have been executed between the same parties at the same time, cannot be construed together, so that one should be limited by the provisions contained in the other, unless they relate to the same subject matter.

Thus, where the only condition of a mortgage was, that the mortgagor should, "support the said Allen (the mortgagee) with suitable meat and drink, and all necessaries, and pay all doctor's bills for the said Allen," and where an agreement, under seal, was made between the parties at the same time, containing stipulations on the part of each, whereby it appeared, that it was necessary that the mortgagee should reside upon the premises, in order to be entitled to her support; *it was held,* that the condition of the mortgage could not be limited by the terms of the agreement.

Writ of entry, demanding a tract of land in Brooksville, being the same conveyed to her by the tenant, Parker, by deed of mortgage dated July 28, 1845. The whole of the condition of the mortgage follows. " Provided nevertheless, that if the said Joseph P. Parker, his heirs, executors, or administrators, support the said Allen with suitable meat and drink, and all necessaries, and pay all doctor's bills for the said Allen, then this deed shall be void, otherwise shall remain in full force and virtue." There was no provision in the deed to prohibit the mortgagee from taking immediate possession.

On the same day, the parties entered into an agreement, of which a copy follows.

" Articles of agreement, made and concluded the twenty-eighth of July, in the year of our Lord, one thousand eight hundred and forty-five, by and between Joseph P. Parker, of Brooks-

ville, in the county of Hancock and State of Maine, Esq., on the one part, and Hannah H. Allen, of said Brooksville, on the other part, *witnesses*, that the said Joseph P. Parker, hath agreed, and doth hereby covenant and agree, that the said Hannah H. Allen shall have the exclusive right to the east room, and to have a privilege in all the other parts of the house she now lives in, and whereas there is now on the place seven cows, one three year old heifer, three year olds, one pair of five year old steers, and nineteen sheep and eleven lambs, valued at two hundred and fifteen dollars, the said Parker further agrees to keep the amount of stock on the place, for the mutual support of both, if hay can be cut on the place, sufficient to keep them, and the said Allen doth agree on her part to do what she is able for her support, and to let the said Parker have any or all the stock when he shall pay for them; and the said Allen further agrees to have the furniture used for the benefit of the house, and to let the said Parker have a bed for him to sleep on.               " Joseph P. Parker, L. s.
                                        " Hannah H. Allen, L. s.

" Signed, sealed and delivered
          in presence of        " David Walker,
                                " Eben S. Parker."

The facts appear sufficiently in the opinion of the Court. The case was argued by

*C. J. Abbott*, for the demandant — and by

*Hinckley*, for the tenant.

The opinion of the Court, WHITMAN C. J. holding the jury Term in Washington at the time of the argument, and taking no part in the decision, was drawn up by

SHEPLEY J. — The demandant conveyed certain tracts of land in Brooksville, to the tenant, who at the same time mortgaged the same to the demandant, upon condition, that the tenant, " his heirs, executors, or administrators, support the said Allen with suitable meat and drink and all necessaries, and pay all doctor's bills for the said Allen."

The parties at the same time entered into a contract, under

Allen *v.* Parker.

seal, by which the tenant agreed to keep upon the farm certain stock, owned by the demandant, for the mutual support of both, if hay sufficient to keep them could be cut upon the farm ; and to allow the demandant to have the exclusive right to the east room, and a privilege in all other parts of the house. The demandant agreed to do what she was able to do for her support, and to let the tenant have any or all the stock, when he should pay for them ; and to have the furniture used for the benefit of the house, and to let the tenant have a bed to sleep on.

The demandant has commenced this suit to recover possession of the premises. The case is presented for decision by an agreed statement of the facts, by which it is admitted, that the demandant left the premises, and went to the house of Simeon Allen to reside ; and that she did not do any thing after that time for her support. That she was about seventy years old, and unable to support herself ; and that she could do but little towards it. That she was sick, and that the attendance of a physician, being necessary, was procured for her by Simeon Allen, who also furnished sundry articles necessary for her support. The tenant was called upon to furnish such articles for her support after she left the premises, and refused to do so, alleging, that he was only bound to furnish her a support upon the premises.

There is no agreement in the mortgage, that the tenant should continue in possession of the premises until the condition had been broken ; nor is there any stipulation in the agreed statement, that the demandant should not recover without proof of it. It is provided by statute, c. 125, § 2, that a mortgagee may recover possession before any breach of the condition, when there is no agreement to the contrary. The demandant is therefore entitled to recover without any proof of a breach of the condition.

The case has been presented in argument, as if such proof were necessary, and such a consideration of it may prevent further litigation.

It was obviously the intention of the parties, so far as the agreement between them makes provision for it, that the demandant should receive her support upon the premises. The counsel for the tenant contends, that the agreement and the mortgage executed at the same time should be construed together, as constituting one contract or arrangement for her support, and that the condition of the mortgage should be regarded as limited by the agreement. Its performance is not secured by the mortgage. It is not therein referred to. It could not have been their intention to secure its performance by the mortgage. Many of the stipulations contained in it were made by the mortgagee. Some of those made by the mortgagor had reference to the purchase and keep of the stock upon the farm, a matter not named or alluded to in the mortgage. There is no definite provision made in the agreement for the support of the demandant. It is there referred to in a manner indicating, that some provision for it had been otherwise made. Deeds, which have been executed between the same parties at the same time, cannot be construed together, so that one should be limited by the provisions contained in the other, unless they relate to the same subject matter. If this were not so, two or more deeds, which were designed to exhibit distinct and independent contracts, would become amalgamated so as to exhibit but one contract. By adopting such a construction, as is insisted upon in this case, the agreement respecting the purchase and keep of the stock would become incorporated into the mortgage, to be secured by its condition. And yet it is obvious that such was not the intention of the parties. The deeds appear to have been drawn very informally and defectively. There is no provision made in the condition of the mortgage, or elsewhere, for the support of the demandant for any stipulated time. The mortgage and the agreement do not appear to have been intended to form one, but two separate contracts, having reference in part to different subjects, each of which contracts is to be enforced according to its own provisions, and for the accomplish-

ment of its own purposes. If the tenant has violated the conditions of the mortgage, he must be held responsible for it ; and the demandant also for any violation of her covenants contained in the agreement.

*Judgment for the demandant.*